IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,159-01




EX PARTE WILLIAM DUNCAN SARTAIN, II, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 5298 IN THE 198th DISTRICT COURT
FROM McCULLOCH COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
with a vehicle and sentenced to eleven years’ imprisonment. The Third Court of Appeals affirmed
his conviction. Sartain v. State, No. 03-09-00066-CR (Tex. App–Austin, delivered May 19, 2010,
no pet.). 
            Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate the validity of the prior convictions used by the State for purposes of enhancement. The
Applicant further alleges that two of the three convictions used to elevate the punishment range in
this case to that of a second degree felony were not final felony convictions available for
enhancement purposes and that counsel was ineffective for advising him to plead true to the
enhancement paragraphs.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 12, 2011
Do not publish